AO 91 (Rev. 11/11) Criminal Complaint

FILED
JAN 28 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Daniel Feliciano AYALA-MURILLO<br>Elvin Sebastian IBAREZ<br>Andy Daniel MADRIGAL MONTENEGRO<br>Andred Garcia PULIDO<br>*Defendant(s)* | Case No. EP-25-M-370-RFC (1)(2)(3)(4) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 25, 2025** in the county of **El Paso** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 932(b) | Straw Purchasing of firearms |
| Title 18, United States Code, Section 933(a)(3) | Conspiracy to commit Straw Purchasing |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Kelvyn Valdovinos, ATF Special Agent
*Printed name and title*

Oath Telephonically Sworn
At  1 : 11  PM
Fed.R.Crim.P.4.1(b)(2)(A)

Sworn to before me and signed in my presence.

Date: 1/28/2025

_____
Judge's signature

City and state: El Paso, TX

Robert F. Castaneda, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Kelvyn Valdovinos, first being duly sworn, does hereby depose and state as follows:

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 6, 2024. Your affiant has received specialized training regarding the investigation and enforcement of Federal Firearms violations and has conducted investigations regarding individuals involved in illegal firearms activities. Prior to your affiant's employment as an ATF Special Agent, your affiant was a Border Patrol Agent with Customs and Border Protection for almost four years, one of the years consisted of being a member of the El Centro Border Patrol Sector Intelligence Unit, investigating various Federal and California state violent crimes, along with extensive surveillance training. Your affiant has law enforcement training and experience in firearm trafficking, drug trafficking, methods of drug consumption, and methods of communications and slang used while trafficking drugs and firearms. Your affiant makes this statement based on his own investigation, records review, interviews with the suspect, and information provided by other law enforcement officers to your affiant. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, it does not purport to contain everything known to your affiant about this investigation.

2. Title 18, United States Code, Section 932(b) states it shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person.

3. Title 18, United States Code, Section 933(a)(3) states it shall be unlawful for any person to attempt or conspire to commit the conduct described in paragraph (1) or (2). (1) ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony. (2) receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony.

4. A Firearm means any weapon "including a starter gun" which will, or is designed to, or may be readily converter to expel a projectile by the action of an explosive. The frame or receiver of any such weapon. Any firearm muffler or firearm silencer or any destructive device. Ammunition includes ammunition, cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

5. On January 25, 2025, your affiant, while working undercover at an El Paso Gun Show in the city and county of El Paso, located within the Western District of Texas, observed Daniel Feliciano AYALA-MURILLO walk into the gun show accompanied by other defendants. He directed these defendants to purchase a total of approximately 2,000 rounds of assorted ammunition and one rifle, which were ultimately purchased on his behalf at his request.

6. ATF agents and local and state law enforcement assigned to outside surveillance of the gun show witnessed AYALA-MURILLO give several defendants currency outside of the gun show, after which the defendants entered the show, purchased firearms, and placed them into another defendant's vehicle.

7. During a roadside interview, one defendant admitted to ATF agents that he purchased 2,000 rounds of assorted ammunition for AYALA-MURILLO, and that the ammunition was intended to be given to the Sinaloa Cartel in Sinaloa, Mexico.

8. AYALA-MURILLO, a Mexican citizen and B1/B2 visa holder, was subsequently arrested by ATF agents. During a mirandarized custodial recorded interview, AYALA-MURILLO admitted to recruiting his two nephews co-defendants to assist him in purchasing firearms that would be smuggled into Mexico and destined for Mazatlán, Sinaloa, Mexico. AYALA-MURILLO stated he exchanged approximately $6,000 to $7,000 USD for the purchase of firearms and ammunition.

9. During recorded custodial interviews, two co-defendants admitted to being AYALA-MURILLO's nephews and acknowledged being recruited by AYALA-MURILLO to assist in purchasing firearms and ammunition to be smuggled into Mexico. The nephew co-defendants also stated that AYALA-MURILLO requested their assistance in locating additional individuals likely to buy firearms for him. An additional defendant admitted that AYALA-MURILLO was the in charge, specifying in deciding which guns to buy and provided all the currency for the transactions. Additionally, this defendant stated that AYALA-MURILLO claimed to work for the Sinaloa Cartel in Sinaloa, Mexico.

10. Your affiant has consulted with an ATF Interstate Nexus Expert who has advised your affiant that all firearms involved in this case have traveled in or affected interstate and/or foreign commerce.

11. In light of the above, your affiant submits that probable cause exists to arrest Daniel Feliciano AYALA-MURILLO for violations of Title 18, United States Code, Section 932(b) and Title 18, United States Code, Section 933(a)(3).

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Kelvyn Valdovinos, first being duly sworn, does hereby depose and state as follows:

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 6, 2024. Your affiant has received specialized training regarding the investigation and enforcement of Federal Firearms violations and has conducted investigations regarding individuals involved in illegal firearms activities. Prior to your affiant's employment as an ATF Special Agent, your affiant was a Border Patrol Agent with Customs and Border Protection for almost four years, one of the years consisted of being a member of the El Centro Border Patrol Sector Intelligence Unit, investigating various Federal and California state violent crimes, along with extensive surveillance training. Your affiant has law enforcement training and experience in firearm trafficking, drug trafficking, methods of drug consumption, and methods of communications and slang used while trafficking drugs and firearms. Your affiant makes this statement based on his own investigation, records review, interviews with the suspect, and information provided by other law enforcement officers to your affiant. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, it does not purport to contain everything known to your affiant about this investigation.

2. Title 18, United States Code, Section 932(b) states it shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person.

3. Title 18, United States Code, Section 933(a)(3) states it shall be unlawful for any person to attempt or conspire to commit the conduct described in paragraph (1) or (2). (1) ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony. (2) receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony.

4. A Firearm means any weapon "including a starter gun" which will, or is designed to, or may be readily converter to expel a projectile by the action of an explosive. The frame or receiver of any such weapon. Any firearm muffler or firearm silencer or any destructive device. Ammunition includes ammunition, cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

5. On January 25, 2025, your affiant, while working undercover at an El Paso Gun Show in the city and county of El Paso, located within the Western District of Texas, observed Elvin Sebastian IBAREZ walk into the gun show accompanied by other defendants. IBAREZ directed these defendants to purchase three rifles and two pistols, which were ultimately purchased at his direction.

6. ATF agents and local and state law enforcement assigned to outside surveillance of the gun show witnessed IBAREZ place the firearms in the trunk of his vehicle and drive off.

7. ATF agents subsequently arrested IBAREZ. During a custodial recorded interview where IBAREZ was given his Miranda warnings he admitted to being recruited by an individual through social media for the purchase of firearms at the gun show. IBAREZ stated that he agreed to act as a middleman and recruited two other individuals to obtain the firearms for him. IBAREZ admitted to being paid $100.00 for every firearm he helped acquire and acknowledged knowing the firearms were intended for a Mexican citizen with a B1/B2 visa. IBAREZ also confessed the firearms were to be smuggled into Mexico to supply the Sinaloa Cartel.

8. During a Mirandized custodial interview with two other defendants, the defendants admitted to being recruited by IBAREZ and being offered $100.00 for each firearm they purchased.

9. Your affiant has consulted with an ATF Interstate Nexus Expert who has advised your affiant that all firearms involved in this case have traveled in or affected interstate and/or foreign commerce.

10. In light of the above, your affiant submits that probable cause exists to arrest Elvin Sebastian IBAREZ for violations of Title 18, United States Code, Section 932(b) and Title 18, United States Code, Section 933(a)(3).

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Kelvyn Valdovinos, first being duly sworn, does hereby depose and state as follows:

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 6, 2024. Your affiant has received specialized training regarding the investigation and enforcement of Federal Firearms violations and has conducted investigations regarding individuals involved in illegal firearms activities. Prior to your affiant's employment as an ATF Special Agent, your affiant was a Border Patrol Agent with Customs and Border Protection for almost four years, one of the years consisted of being a member of the El Centro Border Patrol Sector Intelligence Unit, investigating various Federal and California state violent crimes, along with extensive surveillance training. Your affiant has law enforcement training and experience in firearm trafficking, drug trafficking, methods of drug consumption, and methods of communications and slang used while trafficking drugs and firearms. Your affiant makes this statement based on his own investigation, records review, interviews with the suspect, and information provided by other law enforcement officers to your affiant. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, it does not purport to contain everything known to your affiant about this investigation.

2. Title 18, United States Code, Section 932(b) states it shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person.

3. Title 18, United States Code, Section 933(a)(3) states it shall be unlawful for any person to attempt or conspire to commit the conduct described in paragraph (1) or (2). (1) ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony. (2) receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony.

4. A Firearm means any weapon "including a starter gun" which will, or is designed to, or may be readily converter to expel a projectile by the action of an explosive. The frame or receiver of any such weapon. Any firearm muffler or firearm silencer or any destructive device. Ammunition includes ammunition, cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

5. On January 25, 2025, your affiant, while working undercover at an El Paso Gun Show in the city and county of El Paso, located within the Western District of Texas, observed Andy Daniel MADRIGAL MONTENEGRO walk into the gun show accompanied by three other defendants. MADRIGAL MONTENEGRO attempted to purchase an AR-15 style rifle at the request of another co-defendant Your affiant witnessed the defendant take all the necessary actions to purchase the firearm but the Federal Firearm Licensee did not complete the sale. MADRIGAL MONTENEGRO was continuously observed by your affiant inside the gun show, guiding one defendant to the firearm he was previously delayed on and requesting the defendant to purchase the firearm, which the defendant complied with, proceeding to straw purchase for MADRIGAL MONTENEGRO.

6. ATF agents and local and state law enforcement assigned to the outside surveillance of the gun show witnessed MADRIGAL MONTENEGRO give money to co-defendant Juan LOPEZ, after the failed transaction. MADRIGAL MONTENEGRO was also observed outside with other straw purchasers, giving money to co-defendant Brandon GARCIA in the parking lot whom proceeded to go inside the Gun Show purchase an AR-15 style rifle.

7. ATF agents subsequently arrested MADRIGAL MONTENEGRO. During a recorded custodial interview, MADRIGAL MONTENEGRO was provided his Miranda warning and admitted to attempting to purchase a firearm for his uncle (co-defendant), who is a Mexican citizen with a B1/B2 visa. MADRIGAL MONTENEGRO acknowledged the firearm was intended to be smuggled into Ciudad Juarez, Chihuahua, Mexico.

8. During a mirandarized custodial interview with another defendant, that defendant admitted to receiving $1,400 USD from MADRIGAL MONTENEGRO and stated MADRIGAL MONTENEGRO accompanied him inside the gun show and instructed him to purchase two rifles, which the defendant then purchased.

9. Your affiant has consulted with an ATF Interstate Nexus Expert who has advised your affiant that all firearms involved in this case have traveled in or affected interstate and/or foreign commerce.

10. In light of the above, your affiant submits that probable cause exists to arrest Andy Daniel MADRIGAL MONTENEGRO for violations of Title 18, United States Code, Section 932(b) and Title 18, United States Code, Section 933(a)(3).

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Kelvyn Valdovinos, first being duly sworn, does hereby depose and state as follows:

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 6, 2024. Your affiant has received specialized training regarding the investigation and enforcement of Federal Firearms violations and has conducted investigations regarding individuals involved in illegal firearms activities. Prior to your affiant's employment as an ATF Special Agent, your affiant was a Border Patrol Agent with Customs and Border Protection for almost four years, one of the years consisted of being a member of the El Centro Border Patrol Sector Intelligence Unit, investigating various Federal and California state violent crimes, along with extensive surveillance training. Your affiant has law enforcement training and experience in firearm trafficking, drug trafficking, methods of drug consumption, and methods of communications and slang used while trafficking drugs and firearms. Your affiant makes this statement based on his own investigation, records review, interviews with the suspect, and information provided by other law enforcement officers to your affiant. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, it does not purport to contain everything known to your affiant about this investigation.

2. Title 18, United States Code, Section 932(b) states it shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person.

3. Title 18, United States Code, Section 933(a)(3) states it shall be unlawful for any person to attempt or conspire to commit the conduct described in paragraph (1) or (2). (1) ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony. (2) receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony.

4. A Firearm means any weapon "including a starter gun" which will, or is designed to, or may be readily converter to expel a projectile by the action of an explosive. The frame or receiver of any such weapon. Any firearm muffler or firearm silencer or any

destructive device. Ammunition includes ammunition, cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

5. On January 25, 2025, your affiant, while working undercover at an El Paso Gun Show in the city and county of El Paso, located within the Western District of Texas, observed Andred Garcia PULIDO walk into the gun show accompanied by other defendants. He was observed receiving money from one of the defendants. Your affiant then witnessed PULIDO being guided around the gun show by the defendant, who handed him the cash, leading him to the ammunition section, where approximately 2,000 rounds of assorted ammunition were purchased by PULIDO.

6. ATF agents and local and state law enforcement assigned to outside surveillance of the gun show witnessed PULIDO place the ammunition inside his vehicle and drive off. He was subsequently pulled over by law enforcement for a Texas safety belt violation, during which PULIDO admitted to purchasing the ammunition for another individual and stated the ammunition was going to be sent to Mazatlán, Sinaloa, Mexico.

7. ATF agents arrested PULIDO. During a custodial recorded interview PULIDO was given his Miranda warnings and admitted to purchasing the ammunition for his uncle (co-defendant), who is a Mexican citizen with a B1/B2 visa. PULIDO acknowledged being recruited by his uncle to attend the gun show to purchase firearms and ammunition, and he also admitted his uncle had recruited another cousin of his (co-defendant). PULIDO stated the firearms purchased by the other defendants and the ammunition he bought were intended to be given to the Sinaloa Cartel in Sinaloa, Mexico.

8. Your affiant has consulted with an ATF Interstate Nexus Expert who has advised your affiant that all firearms involved in this case have traveled in or affected interstate and/or foreign commerce.

9. In light of the above, your affiant submits that probable cause exists to arrest Andred Garcia PULIDO for violations of Title 18, United States Code, Section 932(b) and Title 18, United States Code, Section 933(a)(3).